[No. 1971.]

SMITH v. SMITH.

1. APPELLATE PRACTICE—VERDICT—FINDING OF TRIAL COURT.
The verdict of a jury on conflicting evidence should not be disturbed on appeal where there is sufficient evidence to sustain the verdict, and, in cases of doubt, the fact that the trial court who heard the evidence refused to grant a new trial is entitled to some consideration by the appellate court.

2. EVIDENCE—OWNERSHIP—PERSONAL PROPERTY.

Ownership of personal property may be shown by circumstantial evidence, such as acts of dominion over the property, claims of ownership, etc., by the person who is charged with being the owner.

3. EVIDENCE—PREPONDERANCE—TRESPASS—PENAL DAMAGES.

In a civil action for trespass, the fact that the complaint charges defendant with an act for which he is liable in penal damages and for which he might be prosecuted and punished by fine if found guilty, does not change the rule as to the preponderance of evidence which governs in all civil actions and require that defendant's guilt be proved beyond a reasonable doubt or by a strong preponderance of evidence.

*Appeal from the District Court of Routt County.*

Mr. HENRY T. SALE, for appellant.

No appearance for appellee.

WILSON, P. J.

This suit was brought to recover damages for an alleged trespass upon the lands and crops of plaintiff by hogs belonging to defendant, who is the appellant in this suit. It was based upon statute,—Gen. Stats. sec. 3175; Mills' Ann. Stats. sec. 4252. The amount of the damage was laid at the sum of $150, and treble damages were claimed as provided by the penal statute under which the action was brought. The verdict of the jury was in favor of the plaintiff, and her damages were assessed at $50.00. Judgment was rendered accordingly. Defendant does not complain that the verdict was excessive, nor does he in fact make any complaint except that there was a palpable failure of proof on the part of plaintiff of a question of fact, material and absolutely essential to any recovery by the plaintiff. He confidently claims that the evidence on behalf of plaintiff did not show that defendant was the owner of the hogs which did the damage; and also confidently asserts that the evidence on behalf of defendant was overwhelmingly preponderant to the effect that the defendant was not the owner of the hogs. The

entire argument of counsel is addressed to this proposition. Counsel for defendant being so insistent and confident, we have in this instance deviated from our usual rule not to examine any testimony except that presented in the printed abstract, and have also read that preserved in the bill of exceptions. After this thorough examination, we see no reason why we should depart from our well established rule in a case of this kind. The whole case turned upon a question of fact. The evidence was conflicting, but there was in our opinion sufficient to sustain the verdict, and we cannot therefore disturb it. The strong reasons for this rule have been so often stated, and are so familiar to the profession, that it is unnecessary to restate them. As was forcibly said in *Green, Administratrix*, v. *Taney*, 7 Colo. 281, "The jury saw the witnesses, noted their language, appearance and demeanor upon the witness stand, and perhaps also had a personal acquaintance with some of them. They knew their relations, present and past, and probable interest in aiding either party, or inclination to do so. The weight of evidence does not wholly consist in its volume, or in the number of individuals sworn." In this case, a jury of the vicinage, probably acquainted with both parties, and with each one of the witnesses, resolved the disputed question in favor of the plaintiff. Another reason why the verdict under such circumstances should be upheld, is that the judge who presided, and who also saw and heard all of the parties and witnesses, refused to grant a new trial. In case of doubt, where a reversal is sought solely upon the ground of the verdict being against the weight of the evidence, or being unsupported by the proof, this is certainly entitled to some consideration at least.

A detailed statement of the facts brought out by the evidence would occupy considerable space in an opinion, and it not being at all necessary to illustrate any legal principle, we do not feel called upon to give it.

We will only say that the evidence on both sides was purely circumstantial, none of it being positive on this disputed point. The ownership of personal property cannot be shown by rec-

ord title, as can that of real estate. It can be shown only by evidence, circumstantial in its character, showing either acts of dominion over the property, or claims of ownership, etc., by the person who is charged with being the owner. This much with reference to the testimony on behalf of the plaintiff. Neither the defendant nor any of his witnesses could positively testify that the hogs of defendant did not do the damage, because they did not see the hogs which did the damage. Their testimony was necessarily circumstantial in its character, and we may say, of considerable strength, bearing upon the point directly that the hogs which defendant did own were confined so closely that in their opinion they could not have escaped from the premises of defendant. It was also shown by them that there were hogs upon the premises of defendant which belong to other parties than the defendant,—persons who were his tenants,—in the attempt to raise a presumption that they possibly might have committed the damage. However that may be, all of these questions were submitted to the jury, and under the circumstances we see no reason why we should interfere with their verdict.

We see no force in the contention of defendant that this court should deviate from its usual rule and hold that the guilt of the defendant should be proved beyond a reasonable doubt, or that plaintiff could only prevail by a strong preponderance of evidence, because the complaint charged the defendant with an act for which he was liable in penal damages, and also because such act was a misdemeanor, for which defendant might have been punished by a fine, if found guilty. This is purely a civil suit, and has nothing to do with a prosecution which might be maintained against the defendant under the statute. The rules which governed this action were those which govern all civil actions. In an attempted prosecution under the statute to subject the defendant to the penalty of a fine, neither the verdict of the jury, nor the judgment in this case would have been admissible evidence. It does not appear sufficiently from the record that the jury in weighing the testimony were influenced by either passion or

prejudice, or by any other motive than that of doing justice to the litigant parties. The record will not justify nor support such a presumption on our part.

The judgment will be affirmed.

                                              *Affirmed.*